UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | Case No.: 3:16-cv-342 |
| CITY OF SOUTH BEND, AND | ) | Hon._____ |
| PETE BUTTIGIEG, MAYOR | ) | Judge Presiding |
| OF SOUTH BEND, | ) | |
|     *Defendants*. | ) | Jury Trial Demanded |

## COMPLAINT

I, plaintiff Andrew U. D. Straw, for my Complaint against the defendants herein, complain in this ADA Title II and Rehabilitation Act of 1973, Section 504, lawsuit that the defendants violated my right to be free of embarrassment and humiliation, and instead should provide access as required under law when the defendants refused to make downtown South Bend accessible in its handicap parking:

### FACTS REGARDING MY DISABILITIES, DISABILITY RIGHTS LEGAL WORK, AND SOUTH BEND VIOLATIONS

1.    I am an attorney, Active in Good Standing, licensed in the State of Indiana, Bar# 23378-53. I also have a license in the Commonwealth of Virginia, VSB# 43651, currently in Inactive in Good Standing Status.

2.    I am also licensed to practice law before the Northern and Southern Districts of Indiana, since 2002.

3.    My residence is in Cook County, Illinois. I am an Illinois registered voter and my residence is 241A Brittany Dr., Streamwood, IL

60107. My registered agent and official office mailing address is located at 1900 E. Golf Rd., Suite 950A, Schaumburg, IL 60173.

4.      I have engaged in reform efforts in St. Joseph County, Indiana, both regarding disability discrimination at the Indiana Democratic Party headquarters and sexual harassment at the Housing Authority of South Bend.

5.      I have severe physical and mental disabilities from public service and I receive SSDI due to these injuries to my person as well as discrimination I have experienced, as envisioned per the ADA and Rehabilitation Act of 1973.

6.      I broke **both of my legs** and **my pelvis was crushed** in a car wreck on my way to work at the Indiana Supreme Court on 2/22/2001.

7.      Due to these severe physical injuries, I have a handicap placard issued by the State of Illinois.  (Exhibit 1).  I have also set up a webpage with x-rays and an MRI of my injuries: www.andrewudstraw.com

8.      I have **scoliosis**, bipolar disorder, depression, anxiety, migraines, *inter alia*, from being poisoned in the womb and as an infant at Camp LeJeune, North Carolina, from 1968-1970.  The scoliosis also

contributes to balance issues that I have with these severe injuries to my legs and hip.

9.     I am representing myself and 3 family members (one for my mother's wrongful death) due to the poisoning at the base. *Straw v. USA*, 1:11-md-2218-TWT (N.D. Ga.) I was born at the base due to my father, Phillip U.D. Straw, a U.S. Marine Corps sergeant, being stationed at Camp LeJeune as a U.S. Marine from 1968-1970, prior to his service in Vietnam.  He served at MCAS New River at the base and learned helicopter mechanical and electrical repairs.  He was in charge of a team that kept 24 helicopters flying during the Vietnam War, 24/7.

10.    I have pursued justice for the 200,000 Children of Camp LeJeune who were poisoned by the federal government over more than three decades.  My proposed bill for compensation was on TV in 2015:

https://youtu.be/MKojwUm0qwk

11.    I have experienced discrimination, retaliation, and interference in my work as a disability rights lawyer and civil rights lawyer based on the above disabilities, including about 30 instances of discrimination by my former employer, the Indiana Supreme Court, and its agencies. *See*, *Straw v. Dixon, et. al.*, 3:16-cv-276-RL-JEM (N.D. Ind.); *Straw v.*

*Indiana Supreme Court*, 1:15-cv-1015-RLY-DKL (S.D. Ind.); *In the Matter of Andrew U. D. Straw*, 98S00-1601-DI-00012 (Ind.)

12. There was TV coverage of my efforts in 2011 to make the Indiana Democratic Party provide proper handicap parking and handicap entrances at its South Bend Headquarters:

https://www.youtube.com/watch?v=2DebpmIA0oc

13. I brought an Indiana Civil Rights Law complaint against the Indiana Democratic Party over its inaccessible HQ in South Bend in 2012, originally with the Cause Number PAHA12111565 at the Indiana Civil Rights Commission (ICRC). I failed to get relief from the Commission, despite a **6-0 vote in my favor** by the Commission on 2/28/2014. On appeal at the Indiana Supreme Court, the case was *Straw v. Indiana Democratic Party*, 93A02-1406-EX-00399 (Ind. 2015).

14. During Oral Argument before the ICRC, the Democratic Party by counsel argued that the Party has a constitutional right not to associate with disabled people. That argument appears to have swayed the ICRC. This shows the attitude common in South Bend, that my work to open up the Democratic HQ to disabled Hoosiers, disabled veterans, disabled seniors, disabled Indiana Supreme Court ex-employees, was not

welcome and that Democrats opposed it. The Party's counsel said so, making obnoxious constitutional arguments. The Indiana Supreme Court failed to protect my rights in the above decision on 2/27/2015.

15. The Democratic Party Headquarters continues not to have any handicap spaces in its parking lot in South Bend. (Exhibit 2, photos taken Memorial Day, 5/30/2016)

16. I have sought the assistance of the Federal Highway Administration's Office of Civil Rights in 2015, but this appears to have resulted in no changes.

17. The attorney for the City of South Bend, Aladean DeRose, has stated to me that the handicap parking meets ADA standards even when I explained how it does not. (Exhibit 3). The attorney for South Bend stated, for instance, that access aisles in fact do exist because the City *includes bike lanes* as being part of the calculation of access aisles. The photographs show that the City is in fact including bike lanes.

18. I explained why this is in violation of ADA standards very clearly to the City Attorney by email on April 19, 2015. (Exhibit 4).

19. Previously, I had asked for an audit, but the City refused to do an audit, instead defending its lack of enforcement under the Building

Department by saying I could file a federal lawsuit against private business owners. (Exhibit 5). When there is a conspiracy, led by the government, the government is most responsible. When there is a lack of *real* handicap spaces and that helps businesses not to have to deal with disabled people, the government instigated *de facto* discrimination in those businesses, and it should pay and remediate its violations.

20. It is critical that the City provide handicap parking around the Federal Courthouse in South Bend. Not doing so is *per se* restricting access to the ADA, which is a federal law. It is the height of irony that 26 years after the ADA was passed, South Bend still has trouble giving people access to the federal court where ADA rights are vindicated.

21. In *Fortyune v. City of Lomita*, 2:11-cv-06644-DDP-JCG (9th Cir. 2014), it was clearly established by a federal court of appeals that handicap parking is required even if regulations do not exist yet. https://www.justice.gov/sites/default/files/crt/legacy/2014/09/08/fortyuneopinion.pdf

22. However, the Justice Department does provide technical assistance manuals to help local governments comply with the ADA.

This is one such manual, governing restriping:

http://www.ada.gov/restriping_parking/restriping2015.html

23. Note that in the restriping manual, one out of every six spaces in the parking lot serving a public entity must have handicap spaces and a minimum of one must be van-accessible, but more may be required.

24. The Building Department of South Bend (Exhibit 2.4) has a parking lot adjacent to it, and there are no handicap spaces at all in that parking lot. This is the agency that enforces the ADA standards on a local level, and it is absolutely unacceptable that its parking lot has **no handicap spaces** serving disabled people. With the inappropriately marked and sized handicap spaces on the street, the Building Department has NO *real* handicap parking.

25. It is no wonder, 26 years after the ADA was passed, that the ADA is not being effectively enforced in the City when the Building Department itself violates the Act.

26. The restriping Technical Assistance Manual provides that all disability parking **must have access aisles** and that these aisles must be clearly marked, like the rest of the handicap space (Features of Accessible Parking Spaces, Notes 1-5).

27. Note also that the parking space must be 96 inches wide, which is eight feet wide. None of the handicap parallel parking in South Bend on the street that I photographed is 8 feet wide and marked, with another 60 inches of access aisle. The photos show that there are no ground markings, even when these are required to distinguish handicap parking from other parking. (Exhibits 2.0, 201, 2.2, 2.3, 2.4, 2.5)

28. Access aisles for vans have a minimum width of 96 inches and van spaces are 132 inches-wide, which is 11 feet. There are no such van spaces around the City-County building, or the Building Department, or Democratic HQ, or Federal Courthouse, on the street.

29. Some people who are disabled use power wheelchairs. With no access aisles, they are being asked to exit with no accessible features at all, into a bike lane or directly into active lanes of traffic. On the passenger side, there is no ramp for any of these spaces, and an access aisle may not be placed on a sidewalk above street level. (Exhibit 4, p. 2). This is a tragedy waiting to happen, and I will not tolerate it, so I am asking relief to prevent the tragedy that will come from ignoring the ADA or glossing over its requirements.

30. I took these photos on Memorial Day as part of my remembering veterans who come back disabled from war. We can give them handicap parking in downtown South Bend in 2016. The City has had long enough and the rules are clear. The Justice Department has provided the rules. Now the City must follow them.

31. There are no *real* van spaces, indeed no *real* handicap spaces, on the street serving the Federal Courthouse in South Bend. This suborns the lack of access required under the Rehabilitation Act of 1973, Section 504, which requires federal agencies to be accessible. The Court has an accessible entrance and it appears to be marked properly. But the Federal Court does not pave the street. South Bend is responsible for providing handicap parking to the Court's employees and citizens asking for justice at that location.

32. I have made complaints to the Building Department in South Bend about the lack of handicap parking at the Democratic HQ in its parking lot, which it shares with the InstyPrint business. (Exhibit 3)

33. I made a complaint (Exhibit 4) on August 14, 2013 regarding the long-term inappropriate entrances of the Indiana Democratic Party in downtown South Bend. This report included the mayor's office, the

Building Department, the City Attorney, the Indiana Civil Rights Commission, and many others.

34. South Bend is a Democratic town and if disabled people cannot easily and safely enter the Democratic Party HQ premises when the Party invites in the public, that's discrimination. The City is allowing the Democratic Party parking lot (Exhibit 2.1) not to have handicap parking, and the handicap parking *the City* provides is not handicap parking because it is not wide enough and not properly marked, under either state or federal law.

35. This lawsuit is about the City and its suborning discrimination by not enforcing the building code or the ADA, which is not a building code, but a civil rights Act. I specifically asked the Building Department to help me, but it refused. This is in keeping with the fact that the Building Department does not even provide handicap parking—not even **one space**—in its own parking lot adjacent to that building.

36. The City refused to listen when I asked that the Building Department enforce the ADA rather than letting these violations slide. (Exhibit 5).

37. I aver that the Building Code does include the ADA standards and the Building Department is required to enforce those standards. If the City does not do so, it violates the ADA, Title II, because disabled people deserve enforcement. Enforcement of the Building Code is something that disabled people can expect. It is a City service.

38. When I drive around downtown South Bend, I see a multitude of ADA violations, including at union halls, businesses, law firms, and government agencies. It is not acceptable, after the ADA was passed 26 years ago and the Rehabilitation Act was passed 43 years ago, that such intentional refusal to enforce handicap parking standards happens in South Bend.

39. I ran for Congress in 2011 as a Democrat in the 2nd District of Indiana and pursued disability access as a major part of my campaign. I was humiliated by the Democratic Party for doing so when its HQ in South Bend had no ramp and excluded both me and disabled people who supported me. It is now 5 years later and I continue to feel humiliated, excluded, and disrespected as a member of the South Bend community when I visit when violations continue and the city

government refuses—absolutely refuses—to recognize that it did anything wrong.

40.     Because the City Attorney refuses to see that anything is wrong, everything stays the same.  All the same violations continue, 5 years later.

41.     I ask compensation and I ask for an injunction to make South Bend simply comply with the law.  I am a national leader in disability rights legal work.  The Indiana Protection & Advocacy Service (IPAS) recognized my expertise on disability issues by making me a finalist to be IPAS Executive Director in 2014.  Further, in 2014 U.S. OPM found me to be "qualified" to be the General Counsel of the U.S. Access Board, one of the top disability law positions in the federal government, in charge of setting standards like handicap parking under the ADA..  The U.S. Army Medical Command found me "qualified" to be Attorney Advisor at the MEDCOM headquarters, also in 2014.

42.     When I say that there are violations of the ADA, I know that there are.  I can measure.  I can read the Act and the technical assistance and regulations.  But the City and its City Attorney act like I am stupid and reject what I measure and explain to them, out of hand.  I would like to

see the City Attorney apologize to the disabled public after such disregard for civil rights.  The City Attorney purposefully misinterpreted the ADA, Title II, so that disabled people are excluded from the center of South Bend, including the seat of government and the Federal Courthouse.

## COUNT I: CITY OF SOUTH BEND VIOLATES ADA TITLE II AND REHABILITATION ACT OF 1973, SECTION 504, IN NOT PROVIDING PROPER HANDICAP PARKING SURROUNDING THE CITY-COUNTY BUILDING, AT THE BUILDING DEPARTMENT, AROUND THE FEDERAL COURTHOUSE, AND REFUSES TO ENFORCE THE ADA IN THE DEMOCRATIC PARTY PARKING LOT ACROSS THE STREET FROM THE CITY-COUNTY BUILDING, *INTER ALIA*

43. Reviewing the photos of the downtown area around the City-County Building and the Federal Courthouse, it is easy to see the violations.  The City provides what it calls handicap parking, but it is clear than none of the handicap parking signs create a handicap parking space unless they meet ADA, Title II standards, which the federal government provides on www.ada.gov and in the regulations

pertaining thereto.  The restriping standards, *supra*, were issued in 2015.  Current regulations under Title II were issued in 2010.  But the *Fortyune* case shows that handicap parking that is reasonably provided is a requirement whether there are specific standards in the regulations or not.

44.   The violations downtown, which I photographed on Memorial Day, 05/30/2016, also fall under 29 U.S.C. §794, the Rehabilitation Act of 1973, Section 504.  I will seek discovery or admissions that the City of South Bend has taken federal funds making it responsible for Rehab Act violations by the City.

45.   I have asked repeatedly over the past 5 years for handicap access to meet ADA standards in South Bend, but the city resisted just like the Housing Authority when I demanded change for my clients in that sexual harassment nightmare of a workplace.

46.   I want compensation for the lack of handicap parking when I asked for this last year.  This has gone on long enough.  The law is on my side.  The violations are egregious and deliberate.  I have been humiliated time and again when I was told by the City that I was wrong and that disability access is perfect in South Bend.  (Exhibit 3)

47. This was a slap in the face to me. I am a leader on disability issues and to repeatedly hear the same excuses for violations made me feel rejected as a human being, attacked as a civil rights leader, and embarrassed when I tried to effect change and was rejected due to the hostility of people in high places in South Bend. I ask compensatory damages for the violation of my rights and emotional damages due to the continual discrimination against myself and other disabled people I care about in South Bend.

## COUNT II: INJUNCTION

48. Because the City is suborning discrimination under Title III of the ADA by not living up to its own obligations under the ADA, Title II, I ask for injunctive relief. Please direct the City of South Bend to do a full audit of all public and private parking lots within the City limits to ensure that every business that provides parking also provides the handicap parking required by law.

49. Since the City has indicated a willingness to dedicate a certain percentage of its parking downtown to handicap parking, I ask this Court to direct the City to adjust every handicap parking space that is currently marked in any way by a sign so that the handicap space

meets all of the requirements of the ADA, including its striping technical standards and size standards, mentioned *supra*. Just because the City puts a sign up does not mean a handicap space has been created. Without access aisles, disabled people will have to get out into open traffic or bike lanes, and the ADA certainly does not allow this.

50. In addition, I ask the City to be directed to create handicap parking on the street at the Federal Courthouse building and built in such a way that the Courthouse will have handicap parking that meets ADA standards.

51. Further, I would ask specifically that the City be directed to enforce the ADA against any known or apparent violators. One very obvious example is the Democratic HQ across the street from the City-County building. The mayor actually provided a ramp that is too short for ADA standards, with no handrails. The City is responsible for violations at Democratic HQ when it did not a single thing in over 20 years to enforce the ADA under the Building Code.

52. That's not acceptable, especially when Democrats run South Bend. A one-party system that excludes on the basis of disability is precisely

the sort of situation that cries out for judicial remedy, and I respectfully ask the Court for that remedy.

## REQUEST FOR RELIEF

53. I request $250,000 in compensatory damages that I believe after South Bend violated a law that is so dear to my heart for 5 years since I started asking is now due. Given the fact that the ADA was passed 26 years ago, I have been violated by the City since my car accident in 2001. *Barnes v. Gordon*, 536 U.S. 181 (2002) provides for compensatory damages in ADA, Title II, cases and Rehabilitation Act of 1973, Section 504, cases and I ask the *full* amount of available damages due to the exclusion and emotional injuries I have sustained. I seek compensation because the City of South Bend has violated its obligations under 42 U.S.C. §12132 not to discriminate or exclude based on disability. If the Court and a jury feel that more is warranted, I would accept it and I would use that money to help disabled people and make further efforts to "eliminate … discrimination," which is the purpose of the Act. 42 U.S.C. § 12101(b)(1).

## JURISDICTION AND VENUE

54. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it is a federal question action based on the Americans with Disabilities Act, Title II, and the Rehabilitation Act of 1973, Section 504, also known as 29 U.S.C. § 794.

55. Venue properly lies in the Northern District of Indiana under 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district.

I, Attorney Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true.

Respectfully submitted,

/s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A  
Schaumburg, IL 60173  
Telephone: (312) 985-7333   Fax: (877) 310-9097  
andrew@andrewstraw.com

June 1, 2016

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT and EXHIBITS and CIVIL COVER SHEET along with my IN FORMA PAUPERIS PETITION and PROPOSED ORDER with the Clerk of this Court via the Court's CM/ECF system on June 1, 2016 and this will be served on all attorneys of record as well as permanently available through Pacer.gov.  Also filed are the proposed Summons forms for the City of South Bend and its mayor, Pete Buttigieg.  Upon issuance of Summons by the Clerk, I will have Complaint, Exhibits, and Summons served upon the City of South Bend and Mayor Pete Buttigieg.  First, however, I will ask for waivers of service and provide all of the above files via email to City Attorney Aladean DeRose at aderose@southbendin.gov and Pete Buttigieg at the following address: mayorpete@southbendin.gov

| Mayor Pete Buttigieg | City of South Bend |
|---|---|
| County-City Building, Room 1400 N | C/o Aladean M. DeRose |
| 227 W. Jefferson Blvd. | Office of the City Attorney |
| South Bend, IN 46601 | County-City Building 1200 |
| 574-233-0311 | 227 W. Jefferson Blvd. |
| | South Bend, IN 46601 |

Respectfully submitted,

/s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333  Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff*, Proceeding *Pro Se*

June 1, 2016