UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW U.D. STRAW,          )
                            )
        Plaintiff,           )
                            )
    v.                       )    CAUSE NO. 3:16-CV-342-JD
                            )
CITY OF SOUTH BEND, *et al.*,  )
                            )
        Defendants.          )

OPINION AND ORDER

On September 9, 2016, this case was reassigned to the undersigned, at which time seven motions were pending, including Plaintiff Andrew Straw's first and second motions for summary judgment [DE 11, 12], Straw's first motion to disqualify defense counsel Aladean DeRose [DE 15], Defendants City of South Bend and Mayor Pete Buttigieg's motion to dismiss [DE 32] and motion for summary judgment [DE 33], Straw's request to strike the defendants' responsive filings to his summary judgment motion [DE 36], and the defendants' motion for leave to amend those summary judgment related responsive filings [DE 41]. Since the reassignment of this case, another eight motions have been filed, including the defendants' request to strike a random declaration by Straw wherein he discusses his financial hardship [DE 55], which provoked Straw to respond and defendants to motion for that response to be struck [DE 57]. Straw then requested a telephonic Rule 16 conference [DE 58]. Most recently, Straw filed two more motions to disqualify defense counsel Aladean DeRose [DE 60, 73], and he included a request that Magistrate Judge Gotsch be recused [DE 60]. In yet another motion, Straw motions for the recusal of the undersigned [DE 65]. Straw also filed a "Motion for Order to Show Cause" which

is unclear as to the exact relief being sought, but it seemingly seeks to have attorney Stephanie Nemeth disqualified [DE 63]. To further complicate matters, Straw filed a motion for leave to amend his complaint in order to add a first amendment claim and an ADA retaliation claim [DE 62]. The Clerk is DIRECTED to term all of the pending motions in the manner specified herein. To the extent Straw's series of convoluted filings seek additional relief, such relief is DENIED at this time.

**Straw's Requests for Recusal/Disqualification**

*District Judge*

As to Straw's request that I recuse from this case, the sole basis Straw seeks such relief is on account of my rulings which were adverse to Straw's position in case 3:14-cv-1772, and because I denied Straw a temporary restraining order in the instant case. However, those rulings were made on the merits of the claims alleged in the judicial record and nothing more. Morever, the '1772 case was ultimately dismissed without prejudice based on Straw's voluntary dismissal after he gave notice of wanting to pursue his claims in another forum. Because my unfavorable rulings alone do not suffice to establish judicial bias or misconduct, *see, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994); *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000), such relief is DENIED [DE 65].

*Magistrate Judge*

Straw has also sought to have Magistrate Judge Gotsch recused on account of his recent selection as the Magistrate Judge, from which DeRose served on the judicial merit selection panel [DE 60]. However, DeRose served on the merit selection panel along with various others, and because the work of the panel is confidential the views of any particular panel member is not

publicly known, even to the applicants. Moreover, it was the District Judges of the Northern District of Indiana who ultimately selected Magistrate Judge Gotsch from the five individuals recommended by the merit selection panel, and that selection process is long over.

Straw has not provided any legal basis supporting his belief that the Magistrate Judge ought to be recused under these circumstances. In addition, to the extent Straw contends that Magistrate Judge Gotsch has revealed his "bias" in favor of the City of South Bend based on a recent ruling [DE 52], Straw is mistaken for two reasons. First, that ruling by Magistrate Judge Gotsch did not strike from the summary judgment record Straw's letter from the Federal Highway Administration [DE 13-2]; rather, Magistrate Judge Gotsch simply clarified that Straw was allowed to file the letter, but defendants retained the right to later challenge its propriety [DE 52]. Second, the Magistrate Judge's ruling, even if somehow perceived as detrimental to Straw, was based solely on the record and does not suffice to establish judicial bias or misconduct on the part of the Magistrate Judge. *See, e.g., Liteky*, 510 U.S. at 555; *Brokaw*, 235 F.3d 1025. Accordingly, Straw's request for the recusal of Magistrate Judge Gotsch is DENIED [DE 60].

### *Defense Counsel*

Straw has repeatedly sought the disqualification of defense attorney Aladean DeRose [DE 15, 60, 73]. Straw contends that it violates Rules 3.7 and 8.4(g) of the Indiana Rules of Professional Conduct for DeRose to serve as the City of South Bend's attorney in this lawsuit, where her actions as the City's ADA Coordinator are at issue. Straw indicates that he intends to depose DeRose concerning their prior communications about alleged ADA parking violations in South Bend, which makes her a necessary witness. The Court disagrees.

3

Whether the parking situation in downtown South Bend is noncompliant with the ADA appears to be an objective circumstance—thus, there appears to be no reason why the testimony from DeRose about her subjective motives, purposes, or thoughts would be essential to the ultimate issue to be decided. Moreover, it appears unlikely that DeRose would be the only person available to testify on the status of ADA compliant parking in South Bend, such that she would be a necessary witness. Should DeRose's testimony become necessary on some points, then the issue can be raised again at that time.

Straw also argues that DeRose ought to be disqualified for violating Rule 8.4 which prevents attorney misconduct, in relevant part, conduct manifesting bias or prejudice premised on disability. However, that rule also indicates that "[l]egitimate advocacy respecting the foregoing factors [including disability] does not violate this subsection." In other words, DeRose's role in serving as the advocate on behalf of the City against charges of ADA noncompliance does not violate this rule. Accordingly, Straw's requests to have attorney Aladean DeRose disqualified are DENIED at this time [DE 15, 60, 73], and the Court declines to summarily strike the filings that she has made on behalf of the defendants.

*Other Counsel*

Straw has also motioned for an order to show cause for why attorney Stephanie Nemeth should not be ordered to make her appearance in this case, so Straw can then ask her to be disqualified [DE 63]. As Straw notes in his motion, Nemeth has never entered her appearance in this case; rather, she is representing DeRose in a state case[1] where an injunction has been sought against Straw because he purchased an internet domain name in DeRose's name which is being

---

[1] 71D07-1611-PL-000418.

4

used to direct criticisms at her. Because Nemeth is not presently involved in the instant action, the relief sought is DENIED [DE 63].

**Defendants' Motion to Dismiss**

Defendants have moved for the dismissal of Straw's complaint on a number of grounds [DE 32]—only two of which need be addressed here. First, defendants argue that Straw's complaint fails to establish his standing to bring this lawsuit, and second, to the extent Straw alleges any personal injury resulting from his alleged lack of access to the democratic party headquarters in 2011, the claim is barred by the statute of limitations.

Liberally construing the allegations in the complaint [DE 1] given Straw's pro se status (despite the fact that Straw is a licensed attorney), it is clear that Straw is challenging the alleged lack of ADA compliant on-street and lot parking near the county-city building, the building department, the federal courthouse, and the democratic party headquarters, all located in downtown South Bend. Straw contends that when he drives around downtown South Bend, he observes various ADA violations with respect to handicap parking, including the lack of adequate van spaces and access aisles for those needing to use wheelchairs (even though Straw does not require a wheelchair or van, but does have a validly issued handicap placard).

As evidence of his claims, on May 30, 2016 (Memorial Day), Straw drove around downtown South Bend and took photographs of the alleged noncompliant ADA parking [DE 1-2 through DE 1-7]. Other than a reference to Straw's being excluded from the democratic party headquarters in 2011 on account of its not being handicap accessible, Straw does not allege that he was somehow personally affected by (other than his taking personal offense to) South Bend's alleged noncompliant ADA parking. Straw's claims are brought under Title II of the Americans

with Disabilities Act and Section 504 of the Rehabilitation Act, and he seeks compensatory damages for the alleged violation of his rights, as well as injunctive relief by means of an audit and modification of the parking situation to prevent future violations.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010). "Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; the injury is caused by the defendant's acts; and a judicial decision in the plaintiff's favor would redress the injury." *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).

Straw's complaint seeks injunctive relief. But, "[t]o seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." *Summers*, 555 U.S. at 493. It is not enough that a plaintiff allege that he has suffered past wrong at the hands of the defendant, because past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present, adverse effects. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-05 (1983) (citing *O'Shea v. Littleton*, 414

U.S. 488 (1974)). Thus, whether Straw has standing to seek injunctive relief turns on whether he has alleged an ongoing or imminent injury to his rights under the ADA and Rehabilitation Act.

The complaint here focuses on Straw's visiting South Bend and having taken photographs of alleged noncompliant ADA parking spaces on Memorial Day. As indicated, the alleged violations are located at the county-city building, the building department, the federal courthouse, and the democratic party headquarters. But the complaint does not plausibly allege that Straw has any concrete plans to visit any of these buildings for any reason. Without such plans, he faces no actual imminent threat of injury from the alleged ADA violations. Insofar as the instant lawsuit is now pending in the federal courthouse, that alone does not provide the standing necessary to initiate this proceeding in federal court in the first instance. *See, e.g., Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) ("standing must be present at all stages of the litigation, . . . [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (citation omitted). Ultimately, as pled, Straw lacks the imminent threat of future harm necessary to create the injury-in-fact to support Article III standing for prospective relief, *see Lyons*, 461 U.S. at 105, because the injury-in-fact test requires more than an injury to a cognizable interest, it requires that the party seeking review be himself among the injured. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992).

In addition to injunctive relief, Straw seeks compensatory damages for past harm caused by the alleged ADA violations at the identified buildings. But merely taking photographs on Memorial Day (when the government buildings were closed) for the sake of documenting the status of the parking spots clearly does not grant Straw Article III standing—as he does not

7

allege that in attempting to park, South Bend failed to accommodate his disability such that he suffered a personal injury or encountered barriers in violation of the ADA. In other words, nowhere does the complaint suggest that Straw is attempting to vindicate past harms that he personally encountered during his visits to South Bend (except as to the democratic party headquarters, which is further discussed below). As such, even assuming Straw is disabled and generally in need of handicap parking, Straw has alleged no past injury that the Court might effectively redress, and as currently pled, he lacks standing to pursue his claims for compensatory damages. *See Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (noting that a plaintiff must demonstrate standing separately for each form of relief sought).

Finally, Straw's allegations with respect to alleged ADA parking violations at the democratic headquarters in 2011 cannot establish his standing, since any such claim would be barred by either of the potential applicable statute of limitations. *See, e.g., Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (noting that Congress enacted a four-year statute of limitations for causes of action arising under an Act of Congress enacted after December 1, 1990) (citing 28 U.S.C. § 1658); *Strominger v. Indiana Dep't of Corr.*, No. 2:13-CV-291-JMS-WGH, 2014 WL 2452967, at *2 (S.D. Ind. June 2, 2014) (noting that for cases brought in Indiana, ADA and Rehabilitation Act claims are governed by the state's two-year statute of limitations for personal injury claims) (citing Ind. Code. 34-11-2-4).

Accordingly, defendants' motion to dismiss is GRANTED [DE 32] on the limited standing grounds detailed herein. Rather than dismissing this case outright, Straw will be given an opportunity to seek leave to amend his complaint in order to properly establish his standing to

bring his claims with respect to downtown South Bend's noncompliant ADA parking. The Court would note that on November 16, 2016, Straw filed a request to amend his complaint [DE 62]. It appears that Straw wants to add a First Amendment claim and ADA retaliation claim for conduct which is the subject of the state case involving his use of an internet domain name in DeRose's name. The Court need not decide in the abstract whether a proposed amendment would be sufficient or futile. *See Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 506 (7th Cir. 2014). Given the shortcomings in Straw's complaint thus far, Straw must re-submit his proposed amended complaint along with an amended motion for leave to amend the complaint. *See* N.D. Ind. L.R. 15-1. Accordingly, Straw's first motion to amend the complaint [DE 62] is DENIED WITH LEAVE TO REFILE an amended motion for leave. Straw is given until **December 29, 2016**, to file an amended motion for leave to file an amended complaint, which shall include a copy of the anticipated amended complaint.[2] The Court notes that any allegations Straw wants the Court to consider must be set forth in the complaint itself, and he must not incorporate another pleading by reference or file miscellaneous supportive filings after the fact. **If no amended request for leave to file an amended complaint is filed by December 29, 2016, then judgment will be entered against Straw, and this case will be terminated.** Should Straw file an amended motion for leave to file an amended complaint, that motion will be handled by the Magistrate Judge assigned to this case. Straw's request for a telephonic Rule 16 conference is DENIED [DE 58], until such time as a legitimate complaint is filed with this Court as discussed herein.

**Cross Motions for Summary Judgment**

---

[2]If Straw is not suing Mayor Buttigieg, as he has indicated [DE 37 at 15], then he should not name the Mayor in his amended complaint.

Because any future motion for summary judgment would necessarily be based on amended pleadings, the Court DENIES AS MOOT Straw's first and second motions for summary judgment [DE 11, 12] and the defendants' motion for summary judgment [DE 33]. To the extent Straw also sought summary judgment in his November 26th filing, that request is also DENIED [DE 73]. The related motions seeking to alter the documents to be considered as evidence for purposes of summary judgment are similarly DENIED AS MOOT [DE 36, 41, 55, 57].

**Future Filings**

A number of filings have been made throughout the duration of this case which are not in compliance with the rules (*see, e.g.*, N.D. Ind. L.R. 7-1 and 10-1), are non-responsive, and serve no legitimate purpose for resolving the present dispute. For instance, Straw recently filed a Notice [DE 66] naming his three public enemies (the federal government, the Indiana Supreme Court, and the City of South Bend) and a Notice [DE 72] discussing Straw's pending disciplinary action. While the Court will not waste time individually striking all of these filings (given that they have now become moot), the Court would remind Straw that he was previously advised by this Court not to make any frivolous filings, lest he face potential sanctions [DE 44].

**Given the prolific filing of such unhelpful documents, the parties are hereby ORDERED not to file any further documents in this case, except that Straw may file his motion for leave to amend the complaint (along with his proposed amended complaint and any supporting exhibits) in an attempt to establish standing. Defendants may then file an answer and/or responsive pleading, to which Straw may reply, if such a filing is provided for under the rules. Until further order of the Court, all other unrelated filings will be**

**summarily struck absent a party's seeking and receiving the Court's leave to make such a filing.**

SO ORDERED.

ENTERED: November 30, 2016

                                                     /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court