UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANDREW U. D. STRAW, ) | |
| *Plaintiff*, ) | |
| v. ) | Case No.: 3:16-cv-342-JD-MGG |
| CITY OF SOUTH BEND, AND ) | Hon. Jon E. DeGuilio |
| PETE BUTTIGIEG, MAYOR ) | Judge Presiding |
| OF SOUTH BEND, ) | Hon. Michael G. Gotsch |
| *Defendants*. ) | Magistrate Judge |
| ) | Jury Trial Demanded |

## VERIFIED AMENDED COMPLAINT

I, *plaintiff* Andrew U. D. Straw, for my Complaint against the defendants herein, claim that they discriminated against me on the basis of disability, retaliated when I opposed discrimination, and attempted to prevent me from making commentary protected by the First Amendment, and so violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and 1985(3), and imposed intentional infliction of emotional distress on me by accusing me of Lanham Act violations and defamation in state court without merit.  For violations of the above laws and ADA Title II and Rehabilitation Act of 1973, Section 504, I claim relief to compensate me for violating my right to be free of embarrassment and humiliation, intimidation and coercion.   Instead, defendants should have provided access as required under law when the defendants refused to make downtown and residential South Bend accessible in handicap parking and other accessible features. Regarding my First Amendment violations, the City Attorney filed a lawsuit against me for criticizing the City and its City Attorney at a website in the name of the ADA Coordinator and attorney for the South Bend Human Rights Commission.  Two counsel for the City of South Bend (Aladean DeRose and Stephanie Nemeth) having harassed me in state court for opposing ADA violations, the City is responsible and must pay my damages for all of the above:

1

# FACTS REGARDING MY DISABILITIES, DISABILITY RIGHTS LEGAL WORK, AND SOUTH BEND VIOLATIONS

1. I am an attorney, Active in Good Standing, licensed in the State of Indiana, Bar# 23378-53. I also have a license in the Commonwealth of Virginia, VSB# 43651, currently in In Active in Good Standing Status.

2. I am also licensed to practice law before the Northern and Southern Districts of Indiana since 2002.

3. My residence is in Kane County, Illinois. I am an Illinois registered voter and my residence is 120 S. State Street, Unit 307, Elgin, Illinois, 60123. My registered agent and official office mailing address is located at 1900 E. Golf Rd., Suite 950A, Schaumburg, IL 60173.

## DISABILITIES

4. I have engaged in reform efforts in St. Joseph County, Indiana, both regarding disability discrimination at the Indiana Democratic Party headquarters and sexual harassment and other civil rights violations at the Housing Authority of South Bend.

5. I have severe physical and mental disabilities from public service. I hereby incorporate by reference my affidavit regarding disabilities,

Exhibit 5, and all evidence thereof mentioned in that affidavit, Exhibits 6-11.

## EVIDENCE OF DISCRIMINATION

6.     I fully incorporate by reference my affidavit regarding photos and other evidence, Exhibit 23, and all exhibits referenced and evidence, statements, and information contained therein.  This includes cases as Exhibits 1-4, photo evidence as Exhibits 13-18, and documentary evidence as Exhibits 19-22.

7.     These exhibits and the affidavit provide evidence of discrimination by the City of South Bend and its ADA Coordinator/City Attorney/Counsel for the South Bend Human Rights Commission.

8.     The FHWA Letter of Findings (Exhibit 2.0) and the email from the FHWA on November 18, 2016 (Exhibit 2.1) both are evidence of ongoing discrimination by the City and the FHWA made it clear that I have the right to sue, so this administrative finding presumes discrimination. No lawsuit would be possible without it.

9.     Further, when I set up a website at www.aladeanderose.com and commented on the poor ADA compliance of the City, the City Attorney (Aladean DeRose) employed another counsel of the City (Stephanie

Nemeth) to sue me in state court for Lanham Act violations and defamation. *DeRose v. Straw*, 71D07-1611-PL-000418 (St. Jos. Cty. Sup. Ct. 7).

10. She also sought injunctive relief to prevent me from associating her with her own violations by using her name as the domain name.

11. However, nothing I said was untrue on this website.

12. Aladean DeRose did not have any trademark protection because she did not file for any trademark, state or federal, prior to my using the domain.

13. Aladean DeRose did not protect her domain from a Canadian law firm with approximately the same name as her law firm: deroselaw.ca versus deroselaw.com.

14. Aladean DeRose made a false statement to the state court under oath on November 28, 2016.

15. I will provide the transcript of that hearing when available to show that DeRose exaggerated the similarity between her law firm website and my protest website.

16. I have ordered the transcript from the state court reporter and will enter it here when complete.

17. DeRose said that her law firm's domain name was "aladeanderoselaw.com" when in fact her law firm's domain name was "deroselaw.com" and my website is called "aladeanderose.com"

18. I made no mention of her law firm on my website and never mentioned her as a private lawyer whatsoever on my website.

19. I exclusively criticized her behavior as ADA Coordinator and other roles she holds with the City, and posted photos of violations.

20. I posted on my webpage all of the photos listed in Exhibit 18, and criticized DeRose because such violations happened under her as ADA Coordinator for the City.

21. The state court asked me to voluntarily remove my content from the domain, which I did immediately after the November 28, 2016 hearing. That content can be viewed at:

http://www.andrewstraw.com/ad_down.html

22. When I can put my content back on my domain, it will again appear here: www.aladeanderose.com

## STANDING AND OTHER LEGAL ARGUMENTS

23. Since standing was a reason for dismissing the prior complaint, I provide a memorandum of law on the topic of standing, and hereby

incorporate it by reference and its reasons not to dismiss based on standing: Exhibit 12.

24. The Supreme Court of New Hampshire *Tinker* case (Exhibit 1) correctly relied on the FHWA on the question of piling snow into accessible features like sidewalks. Notably, New Hampshire receives heavy snowfall in the winter, so that state's experience with the ADA during the winter is probative.

25. In the *Parker* case (Exhibit 3), the First Circuit decided that sidewalks must be maintained for disability access. Not doing so caused significant injury to the plaintiff in that case. The court analogized ADA Title II cases to tort cases because safety is one of the main reasons for the rules to maintain features.

26. The Ninth Circuit in the *Barden* case (Exhibit 4) held that sidewalks are services of the public entity and subject to the ADA and its regulations.

27. I complained to the FHWA about South Bend leaving snow in accessible features and the FHWA checked this when it visited on January 8, 2016. (Exhibit 2.0). The FHWA in its Letter of Findings chastised the City of South Bend about blocking accessible features.

28.     The Letter of Findings is in accord with *Tinker*, *Parker*, and *Barden* regarding snow and blocking features.

29.     My evidence of broken sidewalks in Exhibit 18 and the lack of curb cuts at these parallel parking handicap spaces (Exhibits 13-18) show a total disregard for people who need these features to be maintained properly.

30.     In *Fortyune v. City of Lomita*, 2:11-cv-06644-DDP-JCG (9th Cir. 2014), it was clearly established by a federal court of appeals that handicap parking is required even if regulations do not exist yet. https://www.justice.gov/sites/default/files/crt/legacy/2014/09/08/fortyuneopinion.pdf

31.     This *Fortyune* case was cited in the FWHA Letter of Findings to support the idea that handicap parking falls under the ADA, even without binding regulations specifically on topic.

32.     The only relevant precedent provided by the 2016 *Hummel* case (Exhibit 28) from the Seventh Circuit was that anyone wanting to make further complaints about the St. Joseph County Courthouse needed to create a fresh record.  I am certainly not limiting my complaint to the county courthouse.  Violations are rife in the City and that is precisely

7

why in Exhibit 2.1 the FHWA stated that it would be monitoring the City to make sure it *comes into* compliance for "many years."

33.   I found no precedent for a Building Department being able to choose lower standards than ADA Title III standards when enforcing accessibility on public accommodations.  This case will create a new precedent in this area.  The U.S. Department of Justice Technical Assistance Manual for Title II does provide guidance:

> II-1.4200 Other Federal and State laws. Title II does not disturb other Federal laws or any State laws that provide protection for individuals with disabilities **at a level greater or equal** to that provided by the ADA. **It does, however, prevail over any conflicting State laws**.
>
> https://www.ada.gov/taman2.html#II-1.4000

34.   I am eligible to use handicap parking in South Bend because I have a handicap placard and I am, as a matter of law under the ADA, a person who uses a wheelchair because without my prosthetics, I could not even stand (Exhibits 5 & 12).  42 U.S.C. § 12102(4)(D) & 42 U.S.C. § 12102(4)(E)(i)(I-IV).

# COUNT I: CITY OF SOUTH BEND VIOLATES ADA TITLE II AND REHABILITATION ACT OF 1973, SECTION 504, IN NOT PROVIDING PROPER AND SAFE HANDICAP PARKING AND SAFE SIDEWALKS AND CURB CUTS, ETC., NOT ENFORCING ADA TITLE III STANDARDS IN BUILDING ENFORCMENT, *INTER ALIA*

35. Reviewing the photos of the downtown area around the City-County Building and the Federal Courthouse, it is easy to see the violations.  The City provides what it <u>calls</u> handicap parking, but none of the handicap parking signs create a handicap parking space unless they meet ADA, Title II standards, which the federal government provides on www.ada.gov and in the regulations pertaining thereto.  The State of Indiana also does not allow handicap parking spaces without all signage and marking and access aisles.  (Exhibit 20, pp. 1-2).  The restriping standards were issued in 2015.  Current regulations under Title II were issued in 2010.  But the *Fortyune* case shows that handicap parking that is reasonably provided is a requirement whether there are specific standards in the regulations or not.  FHWA confirmed this.

36. The violations downtown, which I photographed on Memorial Day, 05/30/2016, and November 9, 2016, also fall under 29 U.S.C. §794, the Rehabilitation Act of 1973, Section 504.  I will seek discovery or

admissions that the City of South Bend has taken federal funds making it responsible for Rehabilitation Act violations by the City.

37. I have asked repeatedly over the past 5 years for handicap access to meet ADA standards in South Bend, but the city resisted just like the Housing Authority when I demanded change for my clients in that sexual harassment nightmare of a workplace.

38. I want compensation for the lack of proper and safe handicap parking when I asked for it this last year. This has gone on long enough. The law is on my side. The violations are egregious and deliberate. I have been humiliated time and again when I was told by the City that I was wrong and that disability access is perfect in South Bend.

39. This was a slap in the face to me. I am a leader on disability issues and to repeatedly hear the same excuses for violations made me feel rejected as a human being, attacked as a civil rights leader, and embarrassed when I tried to effect change and was rejected due to the hostility of the mayor and City Attorney. I ask compensatory damages for the violation of my rights and emotional damages due to the continual discrimination against myself and other disabled people I care

about in South Bend. My demand is based on pervasive discrimination I have demonstrated with the help of my exhibits and the FHWA findings, not any single violation.

### COUNT II: MULTIPLE LAW VIOLATIONS
### FROM STATE COURT LAWSUIT

40. The City Attorney/ADA Coordinator/Counsel for South Bend Human Rights Commission has employed another of the city's attorneys to sue me and prevent me from commenting on her failures to protect disabled people who need ADA standards to be enforced.

41. Her lawsuit was frivolous at best and malicious at worst.

42. Aladean DeRose made false testimony to the state trial court.

43. That false testimony was to obtain an advantage over me in the argument before the state court, and so obtain damages and other relief, including removing my right to complain about her performance as ADA Coordinator for the City of South Bend and associate it with her using her name as a website domain.

44. She failed to answer my counterclaim (Exhibit 24), which I filed on November 17, 2017 with the state court, file stamped on that date. (Exhibit 25)

45. I provided service to Stephanie Nemeth by email on November 17, 2016. (Exhibit 26)

46. I filed my motion for judgment on the pleadings in the state court on December 8, 2016 and served this to Stephanie Nemeth by email. (Exhibit 27) The exhibits attending that state court motion are attached (Exhibits 27.A – 27.C), along with the counterclaim (Exhibit 24).

47. My counterclaim avers that the City is responsible for the lawsuit, and when the City Attorney suing me admits this through action of the Indiana Trial Rules, that admission should be accepted here.

48. DeRose as City Attorney and agent for the City violated my First Amendment right to criticize her in her public roles, and I claim damages for this violation. This is a *Bivens* claim against the City.

49. Further, to protect this First Amendment right, I claim damages under 42 U.S.C. § 1983 against DeRose, with the City responsible as a *Monell* claim.

50. Further, I claim that DeRose and the other city attorney, Stephanie Nemeth, violated my rights under 42 U.S.C. § 1985 (2) and (3).

51.    I claim that DeRose and Nemeth conspired to deter me from opposing disability access violations and this violated 42 U.S.C. § 1985 (2).

52.    I further claim that DeRose and Nemeth conspired to deprive me of equal protection of the laws and my equal privileges and immunities as protected by 42 U.S.C. § 1985 (3).

53.    I claim damages against DeRose because she is the City Attorney and she has admitted through failure to respond to my counterclaim that the City is responsible for what she did.

54.    Finally, I claim damages under 42 U.S.C. § 12203 because DeRose retaliated against me for opposing disability access violations and connecting these with her using her name.  I have a right to oppose violations of the ADA and she may not retaliate for me doing so, but she did so using the instrumentalities of the state court.

55.    All of the photos that I placed on the aladeanderose.com website are in Exhibit 18 here, and they represent disability violations.  Most obvious is the lack of van-accessible handicap parking at the South Bend Human Rights Commission, where DeRose is the counsel.

## COUNT III: INJUNCTION RELIEF

56. Because the City is suborning discrimination under Title III of the ADA by not living up to its own obligations under the ADA, Title II, I ask for injunctive relief. Please direct the City of South Bend to do a full audit of all public *and private* parking lots within the City limits to ensure that every business that provides parking also provides the handicap parking required by law.

57. Since the City has indicated a willingness to dedicate a certain percentage of its parking downtown to handicap parking, I ask this Court to direct the City to adjust every handicap parking space that is currently marked in any way by a sign so that the handicap space meets all of the requirements of the ADA, including its striping technical standards and size standards, mentioned *supra*. If the City abides by the recommendations of the FHWA and the PROWAG standards mentioned by the FHWA, I accept this as sufficient.

58. Just because the City puts a sign up does not mean a handicap space has been created. Without access aisles and curb cuts, disabled people will have to get out into open traffic or bike lanes and travel

through that traffic to an intersection, and the ADA certainly does not allow this kind of safety violation.

59. In addition, I ask the City to be directed to create handicap parking on the street at the Federal Courthouse building and build it in such a way that the Courthouse will have handicap parking that meets ADA standards under PROWAG.

60. Further, I would ask specifically that the City be directed to enforce the ADA against any known or apparent violators. One very obvious example is the Democratic Headquarters across the street from the City-County building. The mayor actually provided a ramp that is too short for ADA standards, with no handrails. (Exhibit 22) The City is responsible for violations at Democratic Headquarters when it did not a single thing in over 20 years to enforce the ADA under the Building Code.

61. That's not acceptable, especially when Democrats run South Bend. A one-party system that excludes disabled people is precisely the sort of situation that cries out for judicial remedy, and I respectfully ask the Court for that remedy.

## PRAYER FOR RELIEF

62. For the Count I ADA violations based on actual, physical violations, I request $250,000 in compensatory damages that I believe after South Bend violated a law that is so dear to my heart for 5 years since I started asking is now due.  Given the fact that the ADA was passed 26 years ago, I have been violated by the City since my car accident in 2001.  *Barnes v. Gordon*, 536 U.S. 181 (2002) provides for compensatory damages in ADA, Title II, cases and Rehabilitation Act of 1973, Section 504, cases and I ask the *full* amount of available compensatory damages due to the exclusion and emotional injuries I have sustained.  I seek compensation because the City of South Bend has violated its obligations under 42 U.S.C. §12132 not to discriminate or exclude based on disability.  If the Court and a jury feel that more is warranted, I would accept it and I would use that money to help disabled people and make further efforts to "eliminate … discrimination," which is the purpose of the Act.  42 U.S.C. § 12101(b)(1).

63. Further, I seek an additional $250,000 for the ADA retaliation described in Count II.

64. Further, I seek under Count II $500,000 in combined compensatory damages in total for the *Bivens* Action, the 42 U.S.C. § 1983 action, the 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3) actions, and further punitive damages as the Court and jury deem fit from the City of South Bend in compensation for Aladean DeRose's attempts to retaliate against my ADA advocacy as *Monell* claims.

65. I seek injunctive relief as the Court deems fit, per Count III.

66. I ask any other relief that this Court and a jury may deem fit under the circumstances.

## JURISDICTION AND VENUE

67. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it contains federal questions based on the Americans with Disabilities Act, Title II, and the Rehabilitation Act of 1973, Section 504, also known as 29 U.S.C. § 794, and also the First Amendment of the U.S. Constitution, as incorporated by the Fourteenth Amendment, and federal actions under 42 U.S.C. § 1983, the 42 U.S.C. § 1985(2), and 42 U.S.C. § 1985(3).

68. Venue properly lies in the Northern District of Indiana under 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district.

I, Attorney Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury.

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333   Fax: (877) 310-9097
andrew@andrewstraw.com

December 9, 2016

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above VERIFIED AMENDED COMPLAINT and EXHIBITS with the Clerk of this Court via the Court's CM/ECF system on December 9, 2016 and this will be served on all attorneys of record as well as permanently available through Pacer.gov.

| | |
|---|---|
| Mayor Pete Buttigieg | City of South Bend |
| County-City Building, Room 1400 N | C/o Aladean M. DeRose |
| 227 W. Jefferson Blvd. | Office of the City Attorney |
| South Bend, IN 46601 | County-City Building 1200 |
| 574-233-0311 | 227 W. Jefferson Blvd. |
| | South Bend, IN 46601 |

Respectfully submitted,

s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333
Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff*, Proceeding *Pro Se*

December 9, 2016